[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12546
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00064-RH-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENSON JACARRUS WASHINGTON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 1, 2013)

Before HULL, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Denson Washington pleaded guilty to three counts of distributing cocaine base, and one count of possession with intent to distribute cocaine base, all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  The Probation Office prepared a Presentence Investigation Report recommending application of the career offender enhancement, United States Sentencing Guidelines § 4B1.1 (2011), based on Washington's prior convictions for burglary and possession with intent to sell cocaine.  The career offender enhancement exposed Washington to a guideline range of 188 to 235 months imprisonment, based on a total offense level of 31 and a criminal history category of VI.  Washington did not object to his classification as a career offender, and after weighing the sentencing factors listed under 18 U.S.C. § 3553(a), the district court sentenced Washington to a low-end guideline sentence of 188 months imprisonment on each count, all sentences to run concurrently.  In arriving at its sentence determination, the district court expressly weighed the circumstances of Washington's offense against his "continuous pattern of criminal conduct," his ongoing threats of harm to law enforcement officers and others, and his need for medical and drug abuse treatment.

On appeal, Washington argues that his sentence must be vacated because it is unreasonable.  To determine whether a sentence is reasonable, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the

Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Then, "[a]ssuming that the district court's sentencing decision is procedurally sound," we must "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." Id.

Washington concedes that the district court did not commit procedural error in determining his sentence. He argues, however, that his career offender guideline sentence is substantively unreasonable because "[t]he career offender guideline as applied . . . failed to properly reflect [§] 3553(a) considerations and did not allow for an individualized treatment of [his] characteristics, [and] his background." We are not persuaded by Washington's argument. Contrary to Washington's assertions, the district court expressly considered the § 3553(a) factors, as well as his individual characteristics and background, in arriving at its sentencing determination. In any event, even if we thought Washington deserved a lesser sentence, our law is clear that "[w]e may not . . . set aside a sentence merely because we would have decided that another one is more appropriate." United States v. Irey, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc). "We may set aside a sentence only if we determine, after giving a full measure of deference to the

3

sentencing judge, that the sentence imposed truly is unreasonable."  Id.; cf. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) ("[O]rdinarily we would expect a sentence within the Guidelines range to be reasonable.").

Given all the circumstances, Washington has not demonstrated that his sentence "truly is unreasonable."  Irey, 612 F.3d at 1191.  Thus, the district court did not abuse its discretion in sentencing him at the low-end of his career offender guideline range.  See Gall, 552 U.S. at 51, 128 S. Ct. at 597; Talley, 431 F.3d at 788.

**AFFIRMED.**